## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| RONALD BRODERICK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:10-CV-903-WKW |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This case was referred to the undersigned pursuant to 28 U.S.C. § 636 (c).  (Doc.  17, entered Feb. 28, 2011).  Plaintiff filed this lawsuit to review a final judgment by Defendant Michael Astrue, Commissioner of Social Security (the "Commissioner"), in which he determined that Plaintiff Ronald Broderick  ("Broderick") is not "disabled" and therefore, not entitled to disability insurance benefits and supplemental security income pursuant to Titles II and XVI, respectively, of the Social Security Act.   42 U.S.C. §§ 401 *et seq*.; 42 U.S.C. §§ 1381 *et seq*.  Pending before the court is Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) (Doc. 12, filed Feb. 15, 2011).  For the reasons herein explained, the court recommends the Commissioner's motion be GRANTED, and this case dismissed for lack of jurisdiction.

### I.  BACKGROUND

After Broderick's application was denied at the initial administrative level, he received a hearing before an Administrative Law Judge ("ALJ"), who also denied the claim.

Broderick filed exceptions to the ALJ decision with the Appeals Council.  In a letter dated August 11, 2010 (sent to both Broderick and his counsel), the Appeals Council rejected the exceptions and explained that the ALJ's decision was the final decision of the Commissioner. Doc. 12-3, at 1-2.  *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  The letter explained that a request for judicial review must be filed in 60 days,  after a 5-day allowance of time for delivery of the letter.  The letter further explained that if a request for court review could not be filed within 60 days, Broderick or counsel could obtain an extension of the filing date if good reason was presented to the Appeals Council.  Doc. 12-3, at 3.

On October 26, 2010, Broderick, through counsel, filed a complaint in this court challenging the Commissioner's decision.  The complaint stated that he would have filed suit on or before October 15, 2010, but

> after talking with his counsel about coming in to sign papers, [Broderick] had a serious medical emergency where his kidneys shut down and his brain was adversely affected.  Upon his release from the hospital and upon regaining the mental functioning necessary to sign court papers, plaintiff promptly initiated this lawsuit.

Doc. 1, at ¶ 14.  On February 15, 2011, the defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), which asserted that Broderick's complaint was not timely filed.  The motion explained that a timely complaint would have been made on or before October 15, 2010 (counting 65 days from the date of the Appeals Council, notice mailed to Broderick and his counsel on August 11, 2010).  Doc. 12, at 1-2.  The Commissioner argues the late filing deprives this Court of subject matter jurisdiction.

2

On February 21, 2011, Broderick filed a response which referenced the explanation for the late filing set forth in the complaint.  He did not give specific dates for his illness, but averred "he was hospitalized and for approximately a month was in a state that he could not understand that the time limit was continuing to run."  Doc. 14, at ¶ 7.  Broderick's response includes a letter dated February 18, 2011, wherein he requested Appeals Council permission to file for judicial review outside of the 60-day time limit due to his medical problems.  Doc. 14-1.  A letter from Dr. Spencer Coleman of Wetumpka, Alabama, also dated February 18, 2011, is included with Broderick's filing.  Dr. Coleman's letter states that he treated Broderick for a "significant medical illness" from September 28, 2010 to October 28, 2010, and that Broderick was mentally and physically incompetent to perform business-related tasks during that time.

## DISCUSSION

Title 42 U.S.C. § 405(g) permits judicial review of administrative decisions issued by the Social Security Administration "by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."  The Commissioner has filed a motion to dismiss alleging that Broderick failed to file his complaint in a timely manner.  The Commissioner argues that this case is due to be dismissed because Broderick failed to file his complaint within 60 days after the date he (and his counsel) presumably received notice from the Appeals Council that his request for review of the ALJ's decision was denied, and the ALJ decision had become the

Commissioner's final decision.  In support of his position, the Commissioner relies on the Appeals Council's denial of Broderick's request for review dated August 11, 2010.  In that letter, the Appeals Council advised Broderick to file a complaint in the United States District Court for the judicial district in which he lives within sixty days from the date of his receipt of the letter.  The Commissioner informed Broderick that he would assume receipt of the "letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period."  (Doc. 12-3, at 22).  The letter continues to explain that if an applicant cannot file for court review within 60 days, a written request presenting a good reason for an extension of time to file may be submitted to the Appeals Council.  Presuming that Broderick received the Appeals Council's notice five days after August 11, 2010, the Commissioner argues he should have filed his complaint on or before October 15, 2010.

Broderick argues he was working toward filing for judicial review but for the intervention of a "serious medical emergency where his kidneys shut down and his brain was adversely affected."  (Doc. 14, ¶ 3).  He filed as soon as possible after regaining mental capacity.  Though specific dates of Broderick's medical emergency are not provided, his response states that "he was hospitalized and for approximately one month was in a state that he could not understand that the time limit was continuing to run."  (Doc. 14, ¶ 6).  The letter from Dr. Coleman gives September 28 to October 28, 2010 as the dates of Broderick's incapacity.

In this circuit, the sixty day time period prescribed by 42 U.S.C. § 405(g) is not

4

jurisdictional, but is rather a statute of limitations, and therefore subject to equitable tolling in certain circumstances. In *Jackson v. Astrue*, 506 F.3d 1349 (11ᵗʰ Cir. 2007), the Eleventh Circuit held that equitable tolling was available to Social Security plaintiffs who justified untimely filings by showing extraordinary circumstances, including those "where the defendant misleads the plaintiff, allowing the statutory period to lapse; or when the plaintiff has no reasonable way of discovering the wrong perpetrated against her. . . ." *Id.* at 1353, quoting *Waller v. Commissioner*, 168 Fed.Appx. 919, 922 (11ᵗʰ Cir. 2006). The Court examined decisions from other circuits and found other criteria such as cases "where a litigant can show that 'he has been pursuing his rights diligently' and that 'some extraordinary circumstance stood in his way." *Jackson, id*., quoting *Torres v. Barnhart*, 417 F.3d 276, 279 (2ⁿᵈ Cir. 2005). The *Jackson* Court also noted the application of the "extraordinary circumstances standard" in tolling various other limitations periods set by the federal government, including the Alien Tort Claims Act, bankruptcy deadlines, the Civil Rights Act of 1964, and the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The decision emphasized that "[e]quitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Jackson, id*. at 1355, quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11ᵗʰ Cir. 1999) (denying tolling of AEDPA where late filing was avoidable).

Broderick's argument for tolling the 60-day limitations period of § 405(g) cites *Canales v. Sullivan*, 936 F.2d 755 (2d Cir. 1991). In *Canales*, the Second Circuit reversed

the district court's dismissal of an untimely filed request for judicial review where the claimant was undergoing treatment for psychiatric conditions when she received the Appeals Council decision rejecting review of the adverse ALJ decision.  Claimant was without council, did not understand English very well, and had her 12 year-old daughter read the decision to her.  *Canales, id*. at 757.  The Second Circuit specifically cited the claimant's mental impairment and remanded, stating "[i]f the claimant proves that she was incapacitated for any length of time during the 60-day period, the district court can determine whether, considering all of the circumstances of the case, equitable tolling is warranted."  *Id*. at 759.  Thus, under *Canales*, the district court should consider all of the circumstances of the case in determining whether equitable tolling is warranted.

In considering all of the circumstances of Broderick's late filing, the court accepts his claim of incapacitation from late September through late October, 2010.  However, the medical emergency Broderick experienced during this time does not provide shelter for his failure to file for judicial review during the estimated six weeks from his presumed receipt of the Appeal Council's letter on August 16, to mid to late September, when he became incapacitated.  Unlike the claimant in *Canales*, Broderick had counsel who was aware of the filing deadline, and the ability to seek an extension from the Appeals Council for medical reasons.  Broderick cited favorable text from *Canales* which urges tolling if a claimant can prove incapacitation "for any length of time during the 60-day period," but this approach is inconsistent with *Sandvik*, wherein the Eleventh Circuit found tolling appropriate only where

6

the extraordinary circumstances are "both beyond [petitioner's] control and unavoidable even with diligence." *Sandvik, id.*

Broderick could have filed for judicial review during the six weeks before his incapacitation. His counsel could have sought permission from the Appeals Council to file late. The fact that Broderick's complaint cited his serious medical problems as excuse for his tardy filing does not address the plain requirement of § 405(g) that a complaint be filed 60 days after receipt of the Commissioner's final decision. Under the totality of circumstances presented, there is no justification for tolling the statute for Broderick. Accordingly, the recommendation in this case is for the district court to grant defendant's motion and dismiss Broderick's case. Broderick is on notice that if his request to the Appeals Council for permission to file outside of the 60-day time limit (Doc. 14-1) is granted, he may move to reopen this case. *See Wilson v. Sec'y HHS*, 1991 WL 104190 (E.D. MI 1991); *see also McLachlin v. Astrue*, 703 F.Supp.2d 791, 797 n.1 (N.D. Ill 2010) (noting that permission for late filing can be requested at any time from Appeals Council).

## CONCLUSION

For the reasons herein explained, the Magistrate Judge therefore, **RECOMMENDS** that the Defendant's Motion to Dismiss be **GRANTED**.

It is hereby **ORDERED** that the parties are **DIRECTED** to file any objections to the said Recommendation not later than **March 14, 2011**. Any objections filed must

specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 28th day of February, 2011.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE