IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RONALD S. BRODERICK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:10-CV-903-WKW [WO] |
| | ) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

On February 28, 2011, the Magistrate Judge filed a Recommendation (Doc. # 18) that the Commissioner of Social Security's ("Commissioner") Motion to Dismiss (Doc. # 12) be granted. The Magistrate Judge recommends that Plaintiff Ronald S. Broderick's ("Mr. Broderick") action for review of the Commissioner's final judgment denying disability benefits be dismissed for lack of jurisdiction because Plaintiff failed to commence the action within the sixty-day statute of limitations. Mr. Broderick filed a timely objection on March 10, 2011. (Doc. # 19.) The court reviews *de novo* the portion of the Recommendation to which the Objection applies. 28 U.S.C. § 636(b)(1). Construing the motion as arising under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court finds that the Recommendation is due to be adopted, the motion granted, and Mr. Broderick's Complaint dismissed.

Mr. Broderick's objection challenges the Magistrate Judge's decision not to equitably toll the sixty-day statute of limitations prescribed by 42 U.S.C. § 405(g) in light of Mr. Broderick's "medical emergency that occurred during the time period." (Doc. # 19, at 1); *see*

*also Jackson v. Astrue*, 506 F.3d 1349, 1352 (11th Cir. 2007) (describing the sixty-day filing period as a statute of limitations). Mr. Broderick states that due to acute renal failure, which had "effects on his mental functioning," he was unable to file until "his mental functioning had recovered," which placed his claim eleven days past the statutory period. (Doc. # 19, at 1, 4.) Mr. Broderick asserts that his medical condition was an "extraordinary circumstance" such that "equitable tolling is appropriate." (Doc. # 19, at 2 (citing *Jackson*, 506 F.3d at 1355).)

Indeed, the Eleventh Circuit has held that "traditional equitable tolling principles" may be invoked in the context of challenges under § 405(g). *Jackson*, 506 F.3d at 1353 & 1355. The plaintiff bears the burden of demonstrating the existence of "extraordinary circumstances" that prevented a timely filing and justify equitable tolling. *Id.* Those circumstances involve "fraud, misinformation, or deliberate concealment." *Id.* Even when extraordinary circumstances are present, the circumstances must be "both beyond [claimant's] control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). The Magistrate Judge, in considering all of Mr. Broderick's circumstances, correctly determined that tolling of the sixty-day statute of limitations was not justified because the "extraordinary circumstances" standard was not met.

Mr. Broderick's objection does not attempt to elaborate on the existence of "extraordinary circumstances" beyond his hospitalization,[1] but rather focuses on his diligence in pursuing the claim. Mr. Broderick grounds much of his objection on case law where equitable tolling was allowed when the parties, despite their diligence, were unable to pursue claims timely because they lacked effective notice of violations. *See Merck & Co. v. Reynolds*, 130 S. Ct. 1784, 1798 (2010) ("[T]he limitations period does not begin to run until the plaintiff thereafter discovers or a reasonably diligent plaintiff would have discovered the facts constituting the violation."); *see also Young v. Lepone*, 305 F.3d 1, 10-11 (1st Cir. 2002) (stating that in some circumstances, "a limitations period that begins when a plaintiff reasonably should have discovered the fraud" is warranted).

However, as the Magistrate Judge notes, notice is not a basis for equitable tolling in this case. Mr. Broderick, along with his counsel, had notice of his need to file for judicial review for six weeks prior to his medical incapacitation. Further, as noted by the Magistrate Judge, even after Mr. Broderick was hospitalized with his alleged medical condition, his counsel still had three weeks to seek an extension, an omission which Mr. Broderick's

---

[1] The Eleventh Circuit has not construed medical conditions such as Mr. Broderick's to fall under the purview of "extraordinary circumstances." *But see Elchediak v. Heckler* 750 F.2d 892, 895 (11th Cir. 1985) (recognizing mental incapacitation as a "colorable constitutional claim" when one's mental illness precluded the litigation of a claim because it prevented him from proceeding through administrative levels in a timely fashion). The Second Circuit, however, has, as Mr. Broderick notes, considered mental incapacitation as one factor in a totality of the circumstances test when looking to equitable tolling under § 405(g). *See Canales v. Sullivan*, 936 F.3d 755 (2d Cir. 1991). It should be noted, though, that the claimant in *Canales*, in contrast to Mr. Broderick, suffered from mental impairment *at the time* that notice triggered commencement of the sixty-day period, for the *duration* of the period, and the claimant was not in a state to be aware of the need to file for several months following. As a further distinction from Mr. Broderick, the *Canales* claimant did not speak English and was not represented by counsel.

3

objection does not address. Mr. Broderick's objection asserts that the Magistrate Judge's reliance on the six-week period places an "obstacle to equitable tolling" that would force every claimant to bring suit earlier in the period to avoid the prospect that some situation might arise later in the sixty-day period to hinder timely filing. (Doc. # 19, at 5.) The Magistrate Judge's Recommendation places no such burden on potential claimants. The safeguard for a claimant in the hypothetical posited by Mr. Broderick is to request permission from the Commissioner's Appeals Council for a late filing. Although Mr. Broderick's objection cites his own diligent efforts to pursue the claim, the fact that Mr. Broderick's request for additional time was not made until February 18, 2011 (nearly five months after the incapacitation arose) suggests a lack of diligence on the part of Mr. Broderick and his counsel. The Magistrate Judge is correct in reading *Sandvik* to deny equitable tolling to Mr. Broderick. While the onset of a sudden medical emergency is certainly beyond the control of the claimant, the circumstances here are not such that a late filing was "unavoidable even with diligence." *Sandvik*, 177 F.3d at 1271.

Further undermining the actual hindrance of Mr. Broderick's "extraordinary circumstance" is that his stated period of mental and physical incapacitation was September 28, 2010, to October 28, 2010. (Doc. # 14, Ex. 2.) Mr. Broderick's claim, although untimely, was filed on October 26, 2010, during the period in which his condition allegedly "prevented [him] from being able to file." (Doc. # 19, at 1.) While Mr. Broderick does include medical documentation that demonstrates he suffered from medical problems in October 2010, how those problems affected his mental functioning such that he could not

4

"fill out any paper work or attend to any business matters" is not explained.[2]  (Doc. # 14, Ex. 2.)  In contrast, it appears that Mr. Broderick's condition was such that during his incapacitation period, he *could* attend to the claim enough to file it on October 26, and no explanation is given as to why the same does not hold true for filing the claim eleven days earlier on October 15.

Having conducted an independent and *de novo* review, the court finds that Mr. Broderick's objection lacks merit.  The Commissioner's Rule 12(b)(6) motion to dismiss is due to be granted because Mr. Broderick has not demonstrated any "extraordinary circumstances" to justify equitable tolling of the § 405(g) statute of limitations.

Accordingly, it is the ORDERED as follows:

1.	Mr. Broderick's Objection (Doc. # 19) is OVERRULED.

2.	The Magistrate Judge's Recommendation (Doc. # 18) is ADOPTED.

3.	The Motion to Dismiss filed by the Commissioner (Doc. # 12) is GRANTED, and Mr. Broderick's Complaint is DISMISSED for failure to state a claim for which relief can be granted, pursuant to Rule 12(b)(6).

An appropriate judgment will be entered.

DONE this 25th day of April, 2011.

                                           /s/  W.  Keith Watkins
                                      UNITED STATES DISTRICT JUDGE

---

[2] The only evidence remotely suggestive of mental "incapacitation" is taken from an October 3, 2010 consultation report, in which the consulting physician noted that Mr. Broderick was "confused and lethargic" when he came to the emergency room.  (Doc. # 19, Ex. 1.)  The remainder of the report seems to show that Mr. Broderick was sufficiently responsive to the physician's inquiries, and was described by the physician as a "pleasant man."  (Doc. # 19, Ex. 1.)